USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __2/10/25__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES CORP., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB47, acting by and through its special servicer, Berkeley Point Capital LLC d/b/a Newmark, as Special Servicer under the Pooling and Servicing Agreement dated as of March 1, 2018,<br><br>         Plaintiff,<br><br>  v.<br><br>2426 UNIVERSITY FUND, LLC; AVRAHAM BENAMRAM; NEW YORK CITY DEPARTMENT OF FINANCE; NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS; and "JOHN DOE" NO. 1 THROUGH "JOHN DOE" NO. 100,<br><br>         Defendants. | Civil Action File No.<br>24-cv-04166-GHW |

## CONSENSUAL FINAL JUDGMENT

**THIS MATTER** is before the Court by virtue of the Second Amended Stipulation Consenting to Entry of Final Judgment (the "***Stipulation***"), dated January 17, 2025 and executed by and between counsel for U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB47 ("***Plaintiff***"), and defendants 2426 University Fund, LLC ("***Borrower***") and Avraham Benamram a/k/a Albert Benamram (collectively, "***Defendants***").

**NOW**, upon review of the Stipulation, the Complaint filed in this Court on May 31, 2024 (the "***Complaint***"), the Declaration of Amount Due of Ed Barrett, dated October 30, 2024 and filed herein on November 15, 2024 (the "***Barrett Decl.***"), the Declaration of David V.

#513750420_v1 222815.00005

Mignardi, Esq., dated and filed herein on January 17, 2025 (the "*Mignardi Decl.*"), and for good cause shown, and upon the consent of Plaintiff and Defendants, it is hereby:

**ORDERED, ADJUDGED AND DECREED**, that Plaintiff is hereby granted final judgment as to the First Count, Second Count and Third Count of the Complaint; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the amount due to Plaintiff on the loan that is the subject of this action, as of August 1, 2024, is $**2,085,966.67** (*see* Barrett Decl. ¶ 15); and it is further

**ORDERED, ADJUDGED AND DECREED**, that the certain real property and improvements located at 2426 University Avenue, Bronx, New York and identifiable as Block 3213, Lot 11, and more particularly described in the Complaint and the Barrett Decl. (*see* Barrett Decl. ¶ 6), together with the Collateral (as defined in the Complaint) located thereat (collectively, the "*Property*"), or such part thereof as may be sufficient to discharge: (a) the mortgage debt evidenced by that certain Multifamily Mortgage, Assignment of Rents and Security Instrument, in the amount of $1,868,000.00 (the "*Mortgage*"), that is exhibited to that certain Consolidation, Extension and Modification Agreement, dated November 30, 2017 (the "*CEMA*") (*see* Barrett Decl. ¶ 6, Ex. 4); and (b) the expense of the sale and the costs of this action as provided by the New York Real Property Actions and Proceedings Law ("*RPAPL*"), be sold at public auction pursuant to the terms hereof, at the front steps of the Property by and under the direction of Orazio Crisalli of Syracuse Realty Group, LLC, 106 S. Main Street, North Syracuse, New York 13212 (Tel: 315-410-0373) as Referee to sell the Property at public auction with the assistance of Matthew Mannion of Mannion Auctions, LLC, as Auctioneer, located at 299 Broadway, Suite 1601, New York, New York 1007 (Tel: 212-267-6698) (*see* Mignardi Decl. ¶¶ 2–3); and that said Referee shall set the date of the sale and give public notice of the time and place of such sale in

*The Wall Street Journal* and in accordance with RPAPL § 231, such that Plaintiff or any other parties to this action may become the purchaser(s) at such sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Referee shall accept at such sale the bid or bids that yield the largest amount of money for the Property and the bidder or bidders, as the case may be, so determined, shall be identified upon the court record, and the Referee shall require that such successful bidder or bidders, as the case may be, immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent of the sum bid and shall execute certain terms for the purchase and sale of the Property (the "***Terms of Sale***") unless such successful bidder is Plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that the successful bidder or bidders, as the case may be, fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the Property, the Property shall thereafter immediately, on the same day, be reoffered at auction in the same manner as is set forth above; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the closing for the transfer of title to the Property shall take place at the office of the Referee or at such other location as the Referee shall determine within forty-five days after such sale unless otherwise stipulated by all parties.  Any delay or adjournment of the closing date beyond forty-five days may be stipulated by and between the Referee and the purchaser(s); and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that such successful bidder shall fail to close on the date set by the Referee, then the successful bidder shall lose and forfeit its deposit; and it is further

#513750420_v1 222815.00005

**ORDERED, ADJUDGED AND DECREED,** that the Referee shall deposit all funds received pursuant to this Consensual Final Judgment in his own name as Referee in an account maintained at an FDIC-insured bank of the Referee's choice within the Southern District of New York; and it is further

**ORDERED, ADJUDGED AND DECREED**, that upon receipt of the proceeds of such sale, the Referee shall forthwith pay therefrom the following:

**FIRST:** The statutory fee of the Referee for conducting the sale pursuant to Section 8003 of Civil Practice Law and Rules ("**CPLR**") not to exceed $750.00.

**SECOND:** The expenses of the sale, including the Auctioneer fees and costs, the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

**THIRD:** Pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the Mortgage, which are liens on the Property at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment;

and it is further

**ORDERED, ADJUDGED AND DECREED**, that in case Plaintiff is the purchaser of the Property at said sale, the Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver only to Plaintiff a deed of the Property

#513750420_v1 222815.00005

and a bill of sale for the Collateral located thereat sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "**FIRST**", "**SECOND**" and "**THIRD**" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. If, upon so applying the balance of the amount bid, there shall be a surplus over and above said amounts due to Plaintiff, Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's deed and bill of sale, the amount of such surplus. Any surplus remaining after all payments as herein provided shall be deposited into the Court in accordance with RPAPL § 1354(4) and the Referee shall immediately give notice of such surplus to the owner of the Property as identified by Plaintiff at the time of the sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, pursuant to the Stipulation, the Plaintiff shall not be entitled to recover from Borrower or Guarantors the deficiency the residue of the mortgaged debt remaining unsatisfied after a sale of the Property, unless Plaintiff and Defendants have agreed to the contrary; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser or purchasers at such sale be let into possession of the Property upon production of the aforementioned Referee's deed and bill of sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that this action is discontinued or the sale of the Property is cancelled, the Referee is entitled to a $250.00 fee; and it is further

**ORDERED, ADJUDGED AND DECREED**, that each and all of the defendants in this action and all persons claiming under them, or any or either of them, after Plaintiff's filing

#513750420_v1 222815.00005

of the Notice of Pendency against the Property (*see* Mignardi Decl., Ex. 1), be and they hereby are, barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the Property and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that nothing contained herein shall prohibit Plaintiff from seeking payment from any policy of insurance insuring the Property; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that Plaintiff or its successors shall receive proceeds from: (a) any insurance policy insuring the Property, and/or (b) any judgment, now or hereafter obtained, against any party indebted to Borrower, then Plaintiff or its assigns, as the case may be, shall apply such proceeds to the amount due hereunder or to any deficiency judgment against Borrower; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that the proceeds described in the foregoing decretal paragraph, when taken together with the proceeds resulting from a foreclosure sale, exceed the amount due hereunder, then Plaintiff, or its assigns, as the case may be, shall deposit the surplus monies, if any, with the Clerk of this Court within thirty days after the same shall be received, to be withdrawn only upon order of this Court, signed by a Judge of this Court; and it is further

**ORDERED ADJUDGED AND DECREED**, that the Property be sold in "as is" condition and sold subject to:

(a)    Rights of the public and others in and to any part of the Property that lies within the bounds of any street, alley or highway;

(b)    Restrictions, covenants, agreements, reservations, and easements of record, if any, insofar as the same may be in force and effect;

  (c) Any state of facts an accurate, currently dated survey might disclose;

  (d) Any facts an inspection of the Property would reveal;

  (e) Rights of tenants and/or occupants in possession, if any;

  (f) The right of redemption of the United States of America, if any;

  (g) The rights of any defendants pursuant to CPLR §§ 317 and 2003 and Rule 5015, if any;

  (h) Charges for maintenance of street vaults, if any;

  (i) Building or tract restrictions or regulations;

  (j) Violations, notices, orders or other requirements issued by any federal, state, city, county, town or village agencies having jurisdiction of record, if any, now or hereafter against the Property;

  (k) Security agreements, conditional bills of sale and chattel mortgages, if any;

  (l) The liens of any prior judgments, mortgages or other encumbrances of record;

  (m) Any unpaid taxes, assessments and water rates with interest and penalties accrued;

  (n) Rights of tenants or persons in possession of the Property; prior mortgage liens of record and any advances and arrears thereunder; and

  (o) Other conditions as set forth in the Terms of Sale more particularly to be announced at the sale;

  That a description of the Property hereinbefore mentioned, is annexed as Exhibit A to the CEMA (*see* Barrett Decl., Ex. 4) and also annexed hereto as Schedule A - Legal Description,

#513750420_v1 222815.00005

said Property being located at 228 E. Tremont Avenue, Bronx, New York and known as Block 2804, Lot 11 on the Tax Map of Bronx County, New York; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the proceeds of the sale of the Property shall not be used to paid for (i) any title insurance premiums; (ii) the Real Estate Transfer Tax (Article 31 of the New York Tax Law) and any other tax imposed upon or arising from the transfer of title; (iii) all abstract of title creation and/or continuation charges, and (iv) any other charges, occurring as a result of the transfer, including, but not limited to, the recording fees, and that the purchaser or purchasers at such sale shall bear the aforementioned costs, charges fees at their own expense; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Plaintiff shall serve a copy of this Judgment upon the owner of equity of redemption, any person having an interest in the Property, and any other party entitled to notice.

[SIGNATURE PAGE TO FOLLOW]

Dated: Lower Gwynedd, Pennsylvania
      January __, 2025

**PLAINTIFF**

U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB47

By: Berkeley Point Capital LLC d/b/a Newmark, in its capacity as special servicer

By: _____
Name: _____
Title: _____

Dated: Bronx, New York
      January __, 2025

**BORROWER**

2426 University Fund, LLC,
a New York limited liability company

By: _/s/_____
Name: Avraham a/k/a Albert Benamram
Title: Member

Dated: New York, New York
      January __, 2025

**GUARANTOR**

_/s/_____
Avraham Benamram
a/k/a Albert Benamram

Dated: New York, New York
      January __, 2025

**NON-PARTY GUARANTOR**

_/s/_____
Albert Benamram

 

**SO ORDERED** this ____ day of _____, 2025.

_____
Honorable Gregory H. Woods, U.S.D.J.

#513750420_v1 222815.00005

Dated: Lower Gwynedd, Pennsylvania
January __, 2025

**PLAINTIFF**

U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB47

By:  Berkeley Point Capital LLC d/b/a Newmark, in its capacity as special servicer

By: _____
Name: _Bernd Turner_
Title: _Vice President_

Dated: Bronx, New York
January __, 2025

**BORROWER**

2426 University Fund, LLC,
a New York limited liability company

By: _____
Name: _____
Title: _____

Dated: New York, New York
January __, 2025

**GUARANTOR**

_____
Avraham Benamram
a/k/a Albert Benamram

Dated: New York, New York
January __, 2025

**NON-PARTY GUARANTOR**

_____
Albert Benamram

The Clerk of Court is directed to close this case.

**SO ORDERED** this __10th__ day of __February__, 2025.

_____
Honorable Gregory H. Woods, U.S.D.J.

## Schedule A

## EXHIBIT A

### DESCRIPTION OF THE LAND

**ALL** that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of the Bronx, City and State of New York, bounded and described as follows:

**BEGINNING** at a point on the easterly side of Aqueduct Avenue, 258 feet southerly from the corner formed by the intersection of the easterly side of Aqueduct Avenue, with the southerly side of West 188th Street;

**RUNNING THENCE** easterly at right angles to Aqueduct Avenue and part of the distance through a party wall, 170.83 feet to the westerly side of Old Croton Avenue;

**THENCE** southwesterly along the westerly side of Old Croton Aqueduct, 23.10 feet;

**THENCE** again along the more southwesterly, still along the westerly side of Old Croton Aqueduct, 20.04 feet to the intersection of said line with a line drawn at right angles to Aqueduct Avenue from a point distant 301 feet southerly from West 188th Street;

**THENCE** westerly along the last mentioned line and part of the distance through a party wall, 167.11 feet to the easterly side of Aqueduct Avenue;

**THENCE** northerly along the easterly side of Aqueduct Avenue, 43 feet to the point or place of **BEGINNING**.